**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5166

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KELLI ALLISON HOLLIDAY, a/k/a Kelli Stephens,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry F. Floyd, District Judge. (8:04-cr-00596-HFF-1)

Submitted:  April 7, 2009          Decided:  April 29, 2009

Before MICHAEL, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelli Allison Holliday appeals the district court's judgment revoking her supervised release and imposing a sentence of eight months in prison. On appeal, Holliday's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court abused its discretion by revoking Holliday's supervised release and sentencing her to serve eight months in prison. Holliday was notified of her right to file a pro se supplemental brief, but she has not done so. We affirm.

We review a judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, and the statutory requirements and factors applicable to revocation sentences, the district court ultimately has broad discretion to

2

revoke the previous sentence and impose a term of imprisonment up to the statutory maximum.  Id. at 438-39.

Holliday was convicted of bank fraud in violation of 18 U.S.C. § 1344 (2006), a Class B felony, and the district court sentenced her to five months in prison followed by three years of supervised release.  As a condition of her supervised release, Holliday was prohibited from purchasing, possessing, using, distributing, or administering any controlled substance except as prescribed by a physician.  While Holliday was on supervised release, the probation officer petitioned the district court to issue a supervised release violation warrant based on Holliday's alleged abuse of prescription drugs. According to the probation officer, Holliday was visibly under the influence of drugs during a home visit; she tested positive for morphine and amphetamine; and prescriptions she had obtained had been taken in excessive quantities.

Holliday was arrested and released on bond, on the conditions that she participate in an inpatient substance abuse program and refrain from any use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.  Upon successful completion of the program, the probation officer indicated she would request that the supervised release violation petition be withdrawn. Holliday was terminated from the treatment program for illegal

3

drug use, and her bond was revoked, after she tested positive for opiates and admitted that a friend had slipped her a Lortab. The probation officer recommended that the district court revoke Holliday's supervised release and impose a sentence of eleven months in prison, which was the high end of her sentencing range under U.S. Sentencing Guidelines Manual § 7B1.4 (2007). At her final revocation hearing, Holliday admitted that she violated her supervised release conditions, and she requested that the district court sentence her to time served in jail since her bond had been revoked, which was about one month.

The district court found a violation and determined that the court was statutorily authorized to revoke Holliday's supervised release and impose a sentence of up to three years in prison followed by up to five years of supervised release less any revocation term. See 18 U.S.C. § 3583(b)(1), (e)(3), (h) (2006). The court determined Holliday's sentencing range under U.S.S.G. § 7B1.4 was five to eleven months in prison. After hearing Holliday's arguments in mitigation, the court noted it had reviewed the supervised release violation report, the previous presentence report, and the factors under 18 U.S.C. § 3553(a) (2006). The court then revoked the previously imposed term of supervised release and imposed a sentence of eight months in prison, the middle of Holliday's advisory sentencing range, with no further period of supervised release.

On appeal, appellate counsel notes that Holliday admitted violating her supervised release, and her eight-month sentence is less than the high end of the recommended sentencing range and does not exceed the statutory maximum for revocation of supervised release. Counsel concludes that given the nature of Holliday's conduct while on supervised release as reflected in the record, it does not appear that the district court abused its discretion in revoking her supervised release and sentencing her as it did. We have reviewed the record and likewise conclude the district court did not abuse its discretion in revoking Holliday's supervised release, and her sentence to eight months in prison is not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

                                                                    AFFIRMED